IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DWIGHT ELLIS BROOKS                                                                          PLAINTIFF

v.                                         No. 4:06CV00662 GH

LHR, INC.; MILAS HALE, III; ARKANSAS JUDICIAL
DISCIPLINE AND DISABILITY COMMISSION; SUSAN
WEBBER WRIGHT; JAMES A. BADAMI; J. LEON
HOLMES; AND CHRIS PIAZZA                                                                DEFENDANTS

## ORDER

On June 8th, this case was removed from the Pulaski County Circuit Court by Judge Holmes, pursuant to 28 U.S.C. §1442(a), as the amended complaint naming him alleges that his May 23rd order dismissing Judge Susan Webber Wright from the lawsuit and remanding the case was false, deceptive, fraudulent and misleading.

Judge Holmes, on June 12th, filed a motion to dismiss, pursuant to Civil Procedure Rule 12(b)(1), (4) and (6), for lack for subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and insufficiency of service. He states that plaintiff seems to allege that Judge Holmes conspired with others to deprive plaintiff of his rights by issuing improper and fraudulent rulings in the lawsuit over which Judge Holmes presided. Judge Holmes argues that judges are immune from liability for actions taken in their judicial capacity and that immunity is not overcome by allegations of bad faith or malice. In addition, he asserts that he did not receive a summons.

As the allegations made by plaintiff against Judge Holmes are for actions taken in his judicial capacity and within his jurisdiction, Judge Holmes is immune from suit as explained in the following excerpts from Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288 (1991):

-1-

Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Pierson v. Ray, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also Harlow v. Fitzgerald, 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).

Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227-229, 108 S.Ct., at 544-545; Stump v. Sparkman, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356-357, 98 S.Ct., at 1104-1105; Bradley v. Fisher, 13 Wall., at 351.

We conclude that the Court of Appeals erred in ruling that Judge Mireles' alleged actions were not taken in his judicial capacity. This Court in Stump made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." 435 U.S., at 362, 98 S.Ct., at 1108. See also Forrester v. White, 484 U.S., at 227-229, 108 S.Ct., at 544-545.

Accordingly, the June 12th motion (#3) to dismiss filed by Judge Holmes is granted. As the Court declines to exercise supplemental jurisdiction over the claims against the remaining defendants,[1] this case is remanded to the Pulaski County Circuit Court for adjudication of all claims except the claims against Judge Holmes that are hereby dismissed by this order.

IT IS SO ORDERED this 22nd day of March, 2007.

*[signature: George Howard Jr.]*
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. §1367(c)(3)